IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 5, 2014

## SHADEED RASTA A/K/A ROBERT WILLIAMS v. MICHAEL DONAHUE, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. CC-2013-CR-99    Joseph Walker, Judge**

**No. W2013-02100-CCA-R3-HC  - Filed April 9, 2014**

The petitioner, Shadeed Rasta, also known as Robert Williams, appeals from the denial of his petition for writ of habeas corpus, which challenged his 2009 conviction of felony murder. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Shadeed Rasta, a/k/a Robert Williams, Whiteville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

In 2008, the Davidson County grand jury charged the petitioner with robbery and felony murder. The petitioner pleaded guilty in 2009 to felony murder,[1] and the trial court imposed a sentence of life in prison without the possibility of parole. The petitioner did not file a direct appeal.

While incarcerated in the West Tennessee State Penitentiary, the petitioner filed, on October 28, 2012, his first application for writ of habeas corpus in the Lauderdale

---

[1]The disposition of the robbery charge is not clear from the record. The felony murder judgment, which indicates that it is count 2 of case number 2008-B-1889, states in the "Special Conditions" section that case number 2008-B-1480 was dismissed, but the charge associated with that case number is not mentioned.

County Circuit Court, contending that his indictment for felony murder failed to include the essential elements of the underlying felony of robbery, thereby resulting in a void conviction. On the same date, the Lauderdale County habeas corpus court summarily dismissed the petition, citing, among other things, the petitioner's failure to attach a copy of the indictment to his petition.

The petitioner was subsequently relocated to the Hardeman County Correctional Facility, and on July 25, 2013, he filed in the Hardeman County Circuit Court a second petition for writ of habeas corpus. In this petition, the petitioner challenged both the sufficiency of the convicting evidence and the sufficiency of the indictment. The habeas corpus court summarily dismissed the petition on August 6, 2013. The appeal of that dismissal is now before the court.

In this appeal, the petitioner again challenges the sufficiency of the indictment as well as the sufficiency of the convicting evidence. The State counters that the habeas corpus court correctly denied the petition because the petitioner failed to state a cognizable claim for habeas corpus relief.

Before we reach the merits of the petitioner's appeal, we must address a preliminary issue. On September 6, 2013, the petitioner filed, contemporaneously, both a motion to alter or amend the habeas corpus court's judgment and a notice of appeal. Nothing in the record indicates that the habeas corpus court ruled on the petitioner's motion to alter or amend. Under Tennessee Rule of Appellate Procedure 4, had this been one of the listed tolling motions, the petitioner's notice of appeal would have been premature and the case would still be before the habeas corpus court for disposition. The rule provides, in pertinent part, as follows:

> The trial court retains jurisdiction over the case pending the court's ruling on any timely filed motion specified in subparagraph (b) or (c) of this rule. If a motion specified in either subparagraph (b) or (c) is filed within the time permitted by the applicable rule referred to in that subparagraph, the filing of a notice of appeal prior to the filing of the motion does not deprive the trial court of jurisdiction to rule upon the motion. A notice of appeal filed prior to the trial court's ruling on a timely specified motion shall be deemed to be premature and shall be treated as filed after the entry of the order disposing of the motion and on the day thereof. . . .

Tenn. R. App. P. 4(e).

Rule 3 of the Tennessee Rules of Appellate Procedure deems a writ of habeas corpus a criminal action for purposes of appeal. *See* Tenn. R. App. P. 3(b). A motion to alter or amend, however, only tolls a civil judgment. *See* Tenn. R. App. P. 4(b)(4). Therefore, the motion to alter or amend was ineffectual to delay the transition to appeal caused by the filing of the timely notice of appeal, and the petitioner's appeal is properly before this court.

In addressing the merits of the petitioner's appeal, we are mindful that "[t]he determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

We agree with the habeas corpus court that the petitioner has failed to state a cognizable ground for habeas corpus relief. The petitioner's challenge to the sufficiency of the indictment hinges primarily on the failure of the indictment "to allege an underlying felony." The petitioner's indictment charges him and a co-defendant with, in count one, "intentionally or knowingly" taking "from the person of Linda Marr certain property, to wit: a purse and its contents of value, by violence or putting Linda Marr in fear in violation of [T.C.A.] § 39-13-401." Count two charges the defendant and his co-defendant with killing Jerry McEwen "during the perpetration of or attempt to perpetrate robbery, in violation of [T.C.A.] § 39-13-202." Both counts indicate that the crimes were committed on December 18, 2007.

A habeas corpus proceeding is not the proper vehicle for testing the sufficiency of an indictment unless the indictment is "so defective as to deprive the court of jurisdiction." *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). The law in Tennessee is that an indictment must provide "sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997); *see also* T.C.A. § 40-13-202.

In the instant case, nothing indicates that the indictment was in any way insufficient. To the contrary, the indictment afforded the petitioner clear, understandable notice that he was being charged with violations of Tennessee law proscribing robbery and felony murder. Both counts track the statutory language of their respective crimes. *See* T.C.A. §§ 39-13-401(a); 39-13-202(a)(2). Although the petitioner contends that count one of the indictment charged him with misdemeanor theft, that is clearly not the case. *See* T.C.A. § 39-13-401(b) (stating that "[r]obbery is a Class C felony"). Moreover, this court has previously found "that a felony murder indictment must allege that the killing was committed during the perpetration of a felony, but specific allegations of the elements and facts of the underlying felony are unnecessary." *State v. Alfonzo E. Anderson*, No. W2000-00737-CCA-R3-CO, slip op. at 3 (Tenn. Crim. App., Jackson, Jan. 9, 2002) (citing *State v. Jimmy Wayne Baker*, No. W1998-00531-CCA-R3-CD, slip op. at 11 (Tenn. Crim. App., Jackson, Mar. 14, 2001), *perm. app. denied* (Tenn. 2001); *Alan D. Lawhorne v. State*, No. 273 (Tenn. Crim. App., Knoxville, May 31, 1990), *perm. app. denied* (Tenn. 1990)). We are at a loss to comprehend how the petitioner finds the indictment deficient, inasmuch as the indictment alleges each element of the offense including the mens rea, identifies the crime by statutory reference, identifies the victims, and identifies the date of the offenses.

To the extent that the petitioner challenges the sufficiency of the convicting evidence, "[t]he law is settled beyond question that habeas corpus . . . proceedings may not be employed" to challenge the sufficiency of the convicting evidence. *Gant v. State*, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973). Because the petitioner failed to state a cognizable ground for habeas corpus relief, summary dismissal was appropriate.

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE